[Cite as *State v. Hough*, 2011-Ohio-2656.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 91691

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE HOUGH, JR.

DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-499308
Motion No. 437260

**BEFORE:** Jones, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 27, 2011

FOR APPELLANT

Terrance Hough, Jr., Pro se
Inmate #A550442
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio 43608


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, J.:

{¶ 1} On September 7, 2010, the applicant, Terrance Hough ("Hough"), pursuant to App.R. 26(B) and *State v. Murnahan* (1992), 63 Ohio St.3d 60, 582 N.E.2d 1204, applied to reopen this court's judgment in *State v. Hough,* Cuyahoga App. No. 91691, 2010-Ohio-2770, in which this court affirmed Hough's convictions for three counts of aggravated murder and two counts of attempted murder.[1]  Hough argues that his appellate counsel was ineffective

---

[1] At approximately 11:00 p.m. on July 4, 2007, Jacob Feichtner and some friends and

because he did not raise (1) prosecutorial misconduct and (2) ineffective assistance of trial counsel for not arguing the forensic evidence better and not objecting to the prosecutorial misconduct. On October 7, 2010, the State of Ohio, through the Cuyahoga County Prosecutor, filed a brief in opposition. For the following reasons, this court denies the application to reopen.

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768.

{¶ 3} In *Strickland*, the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or

---

neighbors set off fireworks in the yard of Jacob's father's house. After they had finished their display and shortly after midnight, Terrance Hough who lived next door left his home with a .40 caliber Beretta semiautomatic pistol loaded with nine hollow-point rounds of ammunition. He crossed his yard and approached Jacob who was standing in the driveway adjacent to Hough's house. Hough stated something to the effect that "You kids won't be doing this no more." Jacob replied, "What are you going to do? Shoot me? Put the gun down and go back inside." Hough then shot Jacob three times in the chest. He then turned and shot both Katherine Rosby and Bruce Anderson twice each in the back. All three died. Hough fired his last two rounds at Donald Walsh and Katherine Nicholas. Hough hit Walsh, who was trying to protect his fiancé, in the arm and wounded Nicholas in a finger. Hough then returned to his home, and announced to the first police officer who arrived, "I snapped. I snapped. I shot those people. Did I kill them?"

omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 104 S.Ct. at 2065.

{¶ 4} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most promising arguments out of all possible contentions. The court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes* (1983), 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987. Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172, 1996-Ohio-366, 672 N.E.2d 638.

{¶ 5} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability

sufficient to undermine confidence in the outcome. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies.

{¶ 6} In his first assignment of error, prosecutorial misconduct, Hough argues that the prosecution intentionally engaged in a course of conduct to use inflammatory language and to lie and distort the evidence to mislead the jury. Furthermore, the prosecution injected its own opinion into the trial. Indeed, this course of action so permeated the trial so as to render it unfair. Hough points to the prosecutor's language that he was a bully and a coward, that he had 45 minutes to plan his actions, that he always carried a gun with him, that he hated his neighbors and that he planned to kill them. Hough supports this argument by relying on the inconsistencies, discrepancies, and ambiguities of approximately 3,000 pages of transcript to show that the prosecutor did not have factual support for those assertions.[2] Thus, the prosecutor's actions were improper.

---

[2]Arguably, the prosecutor forcefully marshaled and argued the evidence in the record. Shooting people in the back is considered cowardly. Shooting unarmed people could be characterized as cowardly. Hough's wife testified that Hough kept loaded guns in the bedroom and the kitchen, that he had a permit to carry a concealed weapon, and that he kept one in his truck. It would be an inference from this testimony that the prosecutor would say that Hough takes guns with him wherever he goes. Similarly, there was ambiguity concerning the time between when the fireworks ended and the time of the shooting. One witness indicated that it was 11:48 when the fireworks stopped; thus, only 15 minutes lapsed between the fireworks and the shooting. Another witness testified that they got to the Feichtners at approximately 11:00, and the fireworks took only a short time. This would be more consistent with the prosecutor's statement that Hough had 45 minutes to make his plan.

**{¶ 7}** The test regarding prosecutorial misconduct is whether the actions or remarks were improper, and, if so, whether they prejudicially affected the substantial rights of the defendant. *State v. Smith* (1984), 14 Ohio St.3d 13, 470 N.E.2d 883. Moreover, this "must be considered in the light of the whole case." *State v. Maurer* (1984), 15 Ohio St.3d 239, 473 N.E.2d 768, (1985), cert. denied 472 U.S. 1012. A prosecutor should pursue the office's duties with earnestness and vigor and use every legitimate means to obtain a just conviction. A prosecutor may argue the record, highlight the inconsistencies or inadequacies of the defense, and forcefully assert reasonable inferences from the evidence. *Bates v. Bell* (C.A.6, 2004), 402 F.3d 635, 646. A prosecutor may strike hard blows, but he may not strike foul ones. *Berger v. United States* (1935), 295 U.S. 78, 88, 55 S.Ct. 629, 79 L.Ed. 1314. Foul blows include personally vouching for the credibility of a witness, launching ad hominem attacks against the defendant or his lawyer, relying on improper evidence, relying on evidence not in the record, critically commenting on the defendant's exercise of his rights such as the right to remain silent or the right to a jury trial, and deliberately misleading the jury. Any improper actions or comments by a prosecutor should be examined by four factors: (1) the likelihood that the remarks tended to mislead the jury or prejudice the defendant; (2) whether the remarks were isolated or extensive; (3) whether the remarks were deliberately or accidently made; and (4) the total strength of the evidence against the defendant. *Bates*, 402 F.3d at 647.

{¶ 8}   However, a review of appellate counsel's brief reveals that he implicitly argued prosecutorial misconduct because he attacked the admission of other acts evidence and victim impact evidence, which the prosecutor elicited.   Furthermore, in his ineffective assistance of trial counsel argument, appellate counsel asserted that trial counsel should have objected to the prosecutor eliciting such evidence.     Appellate counsel also faulted trial counsel for failing to object to portions of the prosecutor's closing argument which played upon the jury's sympathy, specifically what great people the victims were and other considerations outside of the evidence.   Appellate counsel invoked the proper standard for prosecutorial misconduct: "The improper argument deprived Hough of a fundamentally fair trial." (Pg. 26 of appellant's brief.)   Appellate counsel chose to argue other acts evidence and victim impact evidence directly, rather than through the lens of prosecutorial misconduct, and he chose to argue the prosecutor playing upon the jury's sympathies through ineffective assistance of trial counsel, rather than arguing prosecutorial misconduct on possible improper inferences.   These are questions of strategy and tactics which this court will not second guess.

{¶ 9}   Hough's second assignment of error is ineffective assistance of trial counsel because counsel did not properly argue the forensic evidence and did not raise the issue of prosecutorial misconduct.     The gravamen of the first part of this argument is that one of the bullets that hit Jacob had a significant downward trajectory through his body.   Hough argues that this shows that Jacob was aggressively leaning toward him when the first bullet struck him; thus, indicating that he shot in self-defense or showed further evidence that "he snapped."

However, the coroner testified that he could not determine the order of the bullets that entered Jacob. Rather than rely on this speculation, appellate counsel chose to argue that Jacob's verbal response to Hough — to put the gun down and go home — was the catalyst of the snap. Again, pursuant to the Supreme Court's admonitions, this court will not second guess counsel's strategy and tactics.

{¶ 10} As for the second part of this argument, that trial counsel was ineffective for not arguing prosecutorial misconduct, this court has already concluded that appellate counsel did include that point and did so within the bounds of professional judgment.

{¶ 11} Finally, Hough has not established prejudice. In its first opinion, this court stated that overwhelming evidence of appellant's guilt existed in rejecting his assignments of error on sufficiency of the evidence, improper evidence and ineffective assistance of trial counsel. Arguing speculation on forensic evidence or including a more direct, comprehensive argument on prosecutorial misconduct would not have changed the result.

Application denied.

_____
LARRY A. JONES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR