[Cite as *State v. Hough*, 2011-Ohio-3690.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 95953**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE HOUGH

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-499308

**BEFORE:** Jones, J., Kilbane, A.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** July 28, 2011

FOR APPELLANT

Terrance M. Hough, Jr., Pro se
Inmate No. A550-442
Toledo Correctional Institution
2001 East Central Avenue
Toledo, Ohio 43608-0033


ATTORNEYS FOR APPELLEE

William D. Mason
Cuyahoga County Prosecutor

BY: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, J.:

{¶ 1}    Defendant-appellant, Terrance Hough, pro se, appeals from the trial court's findings of fact and conclusions of law.    We affirm.

I.   Procedural History and Facts

{¶ 2}    A capital indictment was returned against Hough in April 2007, charging him with three counts of aggravated murder with prior calculation and design, with mass murder and firearm specifications, and two counts of attempted murder.   The charges stemmed from

Hough shooting at a group of young adults who had been shooting off fireworks next door to Hough's house. Five victims were shot; three died and two were injured.

{¶ 3} Hough was found guilty by a jury on all charges. The jury recommended a sentence of life without parole on the aggravated murder convictions. The trial court sentenced Hough to life in prison without the possibility of parole on each of the three aggravated murder convictions; ten years for each of the two attempted murder convictions; and a merged three-year sentence on the firearm specifications. The sentences were ordered to be served consecutively.

{¶ 4} Hough appealed. The transcript was filed with this court on August 4, 2008. This court affirmed the convictions. *State v. Hough*, Cuyahoga App. No. 91691, 2010-Ohio-2770.

{¶ 5} On December 30, 2009, Hough filed a petition for postconviction relief, which was denied on January 4, 2010. On July 16, 2010, Hough filed a second petition for postconviction relief, which was denied on July 29, 2010. On September 9, 2010, Hough requested that the trial court issue findings of fact and conclusions of law. The trial court filed findings on October 5, 2010. On November 1, 2010, Hough filed a notice of appeal and attached the trial court's October 5 findings as the judgment he was appealing. According to his brief, he is challenging the denials of his postconviction petitions. His sole assignment of error reads:

"[The] Trial Court erred in denying Appellant's Post Conviction Petition through its Order of Findings of Fact and Conclusions of Law, as to not ordering an evidentiary hearing, per R.C. §2953.22."

II. Law and Analysis

{¶ 6} R.C. 2953.21(A)(1) provides in relevant part that:

"Any person who has been convicted of a criminal offense and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed the sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence * * *."

{¶ 7} R.C. 2953.21(A)(2) provides in relevant part that:

" * * * a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *."

{¶ 8} The transcripts in Hough's direct appeal were filed on August 4, 2008. Hough's postconviction petition, therefore, should have been filed by February 2009. He filed his petitions in December 2009 and July 2010, and therefore, they were untimely.

{¶ 9} In *State v. Sharif* (Sept. 27, 2001), Cuyahoga App. No. 79325, this court held that under R.C. 2953.23(A), a trial court cannot entertain an untimely petition for postconviction relief unless the petitioner shows: (1) either that he was unavoidably prevented from discovering the facts upon which he relies in his petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) by clear and convincing

evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial.

{¶ 10} Hough did not offer any reasons for his untimely first petition, and therefore, the trial court properly denied it. Hough offered the following reasons for his untimely second petition: (1) he had a "reasonable belief" that the Ohio Public Defender's office was going to file a petition on his behalf and he did not receive notice that the office was not going to file the petition until January 27, 2009; and (2) his original appellate attorney's license was suspended in April 2009.

{¶ 11} In regard to the suspension of counsel, the suspension occurred in April 2009, *after* the February 2009 deadline for filing Hough's petition and, therefore, cannot serve as a justification for the untimely filing.

{¶ 12} In support of his contention that he believed the Ohio Public Defender's office was going to file a petition, Hough attached to his petition two notarized letters, one from Judith Hough and the other from James Hogan. Although a trial court should give deference to affidavits filed in support of a postconviction relief petition, it may exercise its discretion when assessing the credibility of the affidavits. *State v. Calhoun* (1999), 86 Ohio St.3d 279, 714 N.E.2d 905, paragraph one of the syllabus. A trial court may discount self-serving affidavits from the petitioner or his family members. *State v. Moore* (1994), 99 Ohio App.3d 748, 755, 651 N.E.2d 1319.

{¶ 13} The letter from Hogan stated that he and Judith Hough met with an attorney from the Ohio Public Defender's office in November 2008, and the attorney represented that he would handle Hough's postconviction proceedings. Although the letter does not identify Hogan's relationship to Hough, it is contained in the record that Hogan was Hough's co-worker and friend.

{¶ 14} In her letter, Judith Hough also states the alleged representation by an attorney from the Ohio Public Defender's office and the suspended license of former counsel. The letter does not identify her relationship to Hough, but it is contained in the record that she is his mother. Thus, both sworn letters were from persons "interested in the success" of Hough's petition. *Calhoun* at 285.

{¶ 15} In addition to the letters being "self-serving," they offer nothing on the two requirements for an untimely postconviction petition: (1) either that Hough was unavoidably prevented from discovering the facts upon which he relies in his petition, or that the United States Supreme Court has, since the expiration of the period for timely filing, recognized a new federal or state right that applies retroactively to the petitioner; and (2) by clear and convincing evidence that a reasonable factfinder would not have found him guilty but for constitutional error at trial. Moreover, Hough did not allege in his petition that he was unavoidably prevented from discovering facts entitling him to relief or that the United States Supreme Court recognized a new federal or state right that applies retroactively to him.

{¶ 16} In light of the above, the trial court properly denied Hough's untimely postconviction petitions.

{¶ 17} Further, the doctrine of res judicata is applicable to petitions for postconviction relief. *State v. Perry* (1967), 10 Ohio St.2d 175, 226 N.E.2d 104, paragraphs eight and nine of the syllabus. The Ohio Supreme Court explained the doctrine as follows:

> "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." Id. at 180-181.

{¶ 18} Hough's petition was based on 15 claims. In claims one through six and 15, Hough contended that his trial counsel was ineffective for failing to obtain and utilize various experts to discuss the effects of noise, dietary supplements, "intermittent explosive disorder," and diabetes with mental stability. In claims seven through 12, Hough contended that various trial errors were committed. Claim 13 contended that trial counsel was ineffective for failing to call additional witnesses to testify about the victims' reputations. And in claim 14, Hough contended that he was prescribed medication while in jail awaiting trial that may have impacted his ability to assist in his defense.

{¶ 19} On appeal, Hough was represented by counsel different from trial counsel, and appellate counsel raised ineffective assistance of trial counsel claims. Hough cannot raise new claims that could have been raised in his direct appeal. Because Hough could have

raised these claims on direct appeal, they are barred under the doctrine of res judicata.

{¶ 20} In light of the above, the trial court properly denied Hough's postconviction petitions without a hearing and his sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

LARRY A. JONES,    JUDGE

MARY EILEEN KILBANE, A.J., and
JAMES J. SWEENEY, J., CONCUR