[Cite as *State v. Collins*, 2012-Ohio-3687.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97496**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## LORENZO COLLINS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-482881

**BEFORE:** Cooney, J., Boyle, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** August 16, 2012

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Chief Public Defender

Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Mary McGrath
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

COLLEEN CONWAY COONEY, J.:

**{¶1}** Defendant-appellant, Lorenzo Collins ("Collins"), appeals from his resentencing pursuant to our mandate regarding allied offenses of felony murder and aggravated arson. Finding no merit to the appeal, we affirm.

**{¶2}** In June 2006, Collins was indicted for setting fire to an apartment building causing the death of four children. In March 2007, Collins was convicted by a jury of four counts of felony murder, five counts of aggravated arson, and one count of arson. He was sentenced to 106.5 years to life in prison. In June 2008, Collins appealed, and this court reversed his convictions and remanded for a new trial. *State v. Collins*, 8th Dist. No. 95415, 2008-Ohio-3016 ("*Collins I*").

**{¶3}** In May 2010, the case proceeded to a second jury trial and Collins was again convicted of four counts of felony murder, five counts of aggravated arson, and one count of arson. He was sentenced to 111.5 years to life in prison. He appealed again, and this court affirmed his convictions but remanded for resentencing for the purpose of merging allied offenses. He argued on appeal that four of the counts of aggravated arson should have been merged with the four counts of felony murder. This court agreed, stating:

> [t]he state concedes that the aggravated arson charges merge into the felony murder charges pursuant to the Ohio Supreme Court decision in *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061.

We note that while the aggravated arson and felony murder counts merge, the separate counts as to each victim remain. Although Collins set one fire, he created a substantial risk of harm or injury to four children. See *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶48 (rejecting defendant's argument that he set only one fire and therefore committed only one arson; court held that defendant committed six counts of aggravated arson because defendant knowingly set a fire that created a substantial risk of serious harm or injury to six people).

In light of the state's concession and the recent Ohio Supreme Court decision in *Johnson*, we sustain this argument and remand the case to the trial court to allow the state to elect which allied offense to pursue at resentencing. *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, paragraph one of the syllabus; *State v. Pate*, Cuyahoga App. No. 94876, 2011-Ohio-1692; *State v. Bauldwin*, Cuyahoga App. No. 94876, 2011-Ohio-1066.

*State v. Collins*, 8th Dist. No. 95415, 2011-Ohio-3241, ¶43-45 ("*Collins II*").[1]

{¶4} A resentencing hearing was conducted in August 2011. As directed by our mandate in *Collins II*, the four counts of felony murder for each of the four separate child victims were merged with the four counts of aggravated arson. The State elected to proceed to sentencing on the four felony murder charges. Collins was sentenced to 15 years to life in prison for each of the four felony murder convictions. His prior sentence of ten years in prison for the aggravated arson of the building and 18 months in prison for

---

[1] *Appeal not accepted*, *State v. Collins*, 130 Ohio St.3d 1419, 2011-Ohio-5605, 956 N.E.2d 310.

arson of the vehicle remained unchanged. The six terms were ordered to run consecutively to each other, for an aggregate sentence of 71.5 years to life in prison.

{¶5} Collins now appeals, arguing in his sole assignment of error that the trial court erred by sentencing him on allied offenses of similar import.

{¶6} First, Collins argues that the court erred in failing to merge the four felony murder convictions because they arose as a proximate result of the same offense. Second, Collins argues that the court erred in failing to merge his aggravated arson of the building conviction with the four aggravated arson convictions or with the four convictions of felony murder.

{¶7} Both of Collins's claims are barred by the doctrine of res judicata. It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 16-17. This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar a subsequent attempt to raise the issue. *State v. Flagg*, 8th Dist. Nos. 95958 and 95986, 2011-Ohio-5386, ¶ 8, citing *State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, ¶ 6; *see also State v. Poole*, 8th Dist. No. 94759, 2011-Ohio-716, ¶ 13.

{¶8} Further, only the sentences for the offenses that were affected by the appealed error are reviewed de novo; the sentences for any offenses that were not affected by the appealed error are not vacated and are not subject to review. *State v. Wilson*, 129 Ohio

St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 15, citing *Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, paragraph three of the syllabus.

{¶9} On direct appeal, Collins argued that the four aggravated arson convictions should be merged with the four felony murder convictions. This court agreed and remanded for that limited purpose. The trial court properly resentenced him after merging those eight separate counts into four counts. Although Collins did not argue in his prior appeal that the four felony murder convictions should merge into one, this court specifically stated that the four felony murder counts do not merge because there were four separate victims. *Collins II* at ¶ 44. This is the law of the case. Furthermore, Collins never argued in the prior appeal that his aggravated arson of the building conviction should merge with the remaining aggravated arson convictions. As the Ohio Supreme Court stated, "[A]ny prior issues not successfully challenged in [appellant's] appeal are outside the scope of his resentencing and will be precluded from further review." *Wilson* at ¶ 33. Only the issues that arise in a resentencing hearing are open to appellate review. *Id.* at paragraph two of the syllabus. Based on our mandate in Collins's prior appeal, only the four aggravated arson and the four felony murder convictions were remanded for resentencing and are subject to our review.

{¶10} In *State v. Goldsmith*, a procedurally similar case, Goldsmith successfully argued on direct appeal that two of his convictions were allied offenses. This court reversed and remanded for resentencing. Goldsmith appealed from his resentencing, arguing that the court failed to merge two *other offenses*. This court stated that because

Goldsmith failed to raise those issues on direct appeal, his claim was barred by the doctrine of res judicata.

> In *State v. Wilson*, Cuyahoga App. No. 93427, 2010-Ohio-2466, the defendant filed an appeal following resentencing in which he claimed the trial court failed to merge firearm specifications. Although the defendant had not raised the issue in a direct appeal from his conviction, this court held that the defendant was not barred by res judicata from raising the issue. The Ohio Supreme Court reversed this court's decision on the authority of *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. *State v. Wilson*, 127 Ohio St.3d 406, 2010-Ohio-6285, 939 N.E.2d 1263. In *Saxon*, the court held that "a defendant who fails on direct appeal to challenge a sentence imposed on him for an offense is barred by res judicata from appealing that sentence following a remand for resentencing *on other offenses*." *Saxon*, supra at ¶19.

(Emphasis added.) *State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, ¶10.

**{¶11}** Pursuant to *Goldsmith, Wilson*, and *Saxon*, the only counts ripe for appellate review in the instant case are those that were raised on direct appeal and subject to resentencing. Collins is barred by the doctrine of res judicata from raising merger issues associated with the remaining counts that were not successfully challenged on direct appeal.

**{¶12}** Accordingly, his sole assignment of error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment execution.  Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

MARY J. BOYLE, P.J., and
MARY EILEEN KILBANE, J., CONCUR