[Cite as *State v. Hough*, 2013-Ohio-1543.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98480 and 98482**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE HOUGH

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-499308

**BEFORE:** Rocco, J., S. Gallagher, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**FOR APPELLANT**

Terrance Hough, pro se
Inmate No. A550-442
Toledo Correctional Institution
P.O. Box 80033
Toledo, Ohio   43608-0033

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Katherine Mullin
Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

{¶1} In this consolidated appeal, pro se defendant-appellant Terrance Hough ("Hough") appeals from the trial court's denial of his motion for a new trial and his motion to correct his sentence. On appeal, Hough argues that the trial court should have granted his motion for a new trial because his original trial judge was biased against him. Hough further argues that the multiple aggravated murder and attempted murder convictions should have merged because he was found guilty on a mass murder specification. For the reasons that follow, we affirm the trial court's final judgment.

{¶2} On August 7, 2007, Hough was indicted on capital charges for three counts of aggravated murder under R.C. 2903.01(A), for purposely, and with prior calculation and design, causing the death of three people. Each count contained mass murder and firearm specifications. Hough was also charged with two counts of attempted murder under R.C. 2903.02 and 2923.02 for attempting to cause the deaths of two other people. The charges stemmed from allegations that Hough shot at a group of young adults who had been setting off fireworks next door to Hough's house. Five victims were shot; three died and two were injured.

{¶3} Hough pleaded not guilty, and the case went to jury trial. On May 15, 2008, the jury found Hough guilty on all charges. At the close of the mitigation phase, the jury recommended that Hough be sentenced to life without the possibility of

parole. The trial court accepted the recommendation, and on May 22, 2008, the trial court rendered its sentence. Hough was sentenced to a life sentence for each count of aggravated murder, ten years for each count of attempted murder, and three years for the firearm specifications, all to be served consecutively.

{¶4} In his first appeal to this court, Hough argued that the aggravated murder convictions were not supported by sufficient evidence, that the trial court erred in admitting certain other acts and victim-impact evidence, and that he was denied effective assistance of counsel. We disagreed and affirmed Hough's convictions. *State v. Hough*, 8th Dist. No. 91691, 2010-Ohio-2770. Hough appealed to the Ohio Supreme Court, and the court declined to accept jurisdiction. *State v. Hough*, 126 Ohio St.3d 1601, 2010-Ohio-4928, 935 N.E.2d 47. Hough then filed an application with this court to reopen his appeal, which we denied. *State v. Hough*, 8th Dist. No. 91691, 2011-Ohio-2656. Hough appealed that denial to the Ohio Supreme Court, and the court declined to accept jurisdiction in that appeal as well. *State v. Hough*, 129 Ohio St.3d 1454, 2011-Ohio-4217, 951 N.E.2d 1049.

{¶5} Hough next filed a petition for postconviction relief. The trial court denied the petition, and we affirmed the trial court. *State v. Hough*, 8th Dist. No. 95953, 2011-Ohio-3690. The Ohio Supreme Court declined to accept jurisdiction. *State v. Hough*, 130 Ohio St.3d 1440, 2011-Ohio-5883, 957 N.E.2d 301.

{¶6} At the time of his original postconviction proceedings, Hough's case was still assigned to the original trial judge, Judge Shirley Strickland Saffold. Hough

discovered that online comments pertaining to Hough's criminal case had been posted to cleveland.com from Judge Saffold's personal email account on her court-issued computer. Hough subsequently filed with the Ohio Supreme Court an affidavit of disqualification asking that Judge Saffold be removed from any further postconviction proceedings. According to the affidavit, the comments were posted on the same day that Judge Saffold imposed sentence on Hough.

{¶7} On October 10, 2011, the Ohio Supreme Court determined that Hough met his burden of establishing the appearance of impropriety, granted Hough's affidavit of disqualification, and ordered that the case be returned to the court of common pleas for reassignment to another judge. The case was reassigned to Judge Carolyn Friedland. Justice Pfeifer's judgment entry granting the affidavit of disqualification stated:

> According to Hough's affidavit, the comments were posted on [c]leveland.com, a website affiliated with the Cleveland Plain Dealer, on the same day that Judge Saffold imposed Hough's sentence.
>     Judge Saffold has responded in writing to the concerns raised in the affidavit. She concedes that her personal email account was the source of the online comments about Hough's case. But Judge Saffold maintains that she did not post the comments. Rather, the judge avers that her personal email address is shared by other family members and it was her daughter who used the email account to post the comments about Hough's case. Since the comments were made by her daughter and not her, Judge Saffold does not believe the posting should be considered as evidence of her bias or prejudice.
>     After careful review of the affidavit and the judge's response, I find that Hough has met his burden of establishing that an appearance of impropriety exists in this case.
>     In April 2010, I, sitting as the acting chief judge, disqualified Judge Saffold based on similar online comments that originated from her personal email account about another criminal case. *In re Disqualification of Saffold*, affidavit-of-disqualification case No. 10-AP-036. In that case, Judge Saffold's online account was the source of critical comments about

defendant Anthony Sowell and Sowell's attorney. I found an appearance of impropriety in that case due to the nature of the comments and their widespread dissemination.

In the instant matter, Judge Saffold argues that no basis for her disqualification exists because her daughter posted the comments about Hough's case. That same argument was rejected in case No. 10-AP-036. In that case, Judge Saffold admitted that her personal email address was the source of the comments about the Sowell case, but she claimed that her daughter had posted the comments about defendant Sowell and his attorney. Although there was no evidence to contradict the judge's claim, the fact that comments originated from Judge Saffold's online account — even if the judge did not post the comments herself — was sufficient to compel her disqualification. *In re Disqualification of Saffold*, case No. 10-AP0036, at 3.

* * * *

Likewise there is no dispute here that public comments about Hough's criminal case originated from the judge's personal email address. It does not matter that the comments about Hough's case were posted after Judge Saffold had sentenced Hough. The timing of the comments does not remove the taint of impropriety where, as here, Hough has a pending postconviction proceeding before Judge Saffold.

(Footnote deleted.)

**{¶8}** On January 27, 2012, Hough filed in the trial court a motion for a new trial.

On March 5, 2012, Hough filed in the trial court a motion to correct his sentence, asking the trial court to vacate his sentence and to hold a new sentencing hearing. These motions were considered and ruled upon by Judge Friedland, not Judge Saffold. The trial court denied both motions on May 10, 2012. Hough filed a notice of appeal from both journal entries, and presents three assignments of error for our review.

**I.   Hough was denied due process due to the trial court's judicial bias.**

**II.   The trial court abused its discretion in denying Hough's motion for a new trial.**

**III.   The trial court erred in denying Hough's motion to correct sentence.**

{¶9} In his first assignment of error, Hough sets forth a due process argument, asserting that the trial court erred in denying his motion for a new trial, because Judge Saffold's judicial bias had deprived him of a fair trial. In support of his assertion that his trial was unfair due to judicial bias, Hough makes three allegations: (1) the Ohio Supreme Court decision to remove Judge Saffold from any further postconviction proceedings was based on Judge Saffold's online comments that demonstrated a bias in favor of Hough receiving the death penalty; (2) Judge Saffold had denied Hough's Crim.R. 29 motion on the element of "prior calculation and design," because she had a personal bias in favor of Hough receiving the death penalty; and (3) Judge Saffold placed an unreasonable cap on the amount of fees afforded to Hough for experts, because she sought a guilty verdict.

{¶10} Due process requires that a criminal defendant be tried before an impartial judge. *State v. LaMar*, 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶ 34. If the record evidence indicates that the trial was infected by judicial bias, the remedy is a new trial. *State v. Dean*, 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, ¶ 2. Judicial bias is defined as "'a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge * * * .'" *Id.* at ¶ 48, quoting *Pratt v. Weygandt*, 164 Ohio St. 463, 132 N.E.2d 191 (1956), paragraph four of the syllabus. Judicial bias is "'contradistinguished from an open state of mind which will be governed by the law and the facts.'" *Id.*, quoting *Pratt* at paragraph four of the syllabus.

**{¶11}** If the trial judge forms an opinion based on facts introduced or events occurring during the course of the current or prior proceedings, this does not rise to the level of judicial bias, "'unless [the opinions] display a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Dean*, ¶ 49, quoting *Liteky v. United States*, 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Accordingly, "'judicial remarks [made] during the course of trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.'" *Id.*, quoting *Liteky* at 555. In contrast, such remarks, "'*may* [support a bias challenge] if they reveal an opinion that derives from an extrajudicial source; and they *will* [support a bias challenge] if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.'" (Emphasis sic.) *Id.*, quoting *Liteky* at 555.

**{¶12}** The state mistakenly asserts that Hough's due process argument is governed by Crim.R. 33. But in requesting a new trial, Hough made two separate arguments: a constitutional, due process argument and an argument under the Ohio Rules of Criminal Procedure. The analysis is different for each, and so we decline to address Hough's due process argument under the standards set forth under Crim.R. 33. Rather, we follow the law as set forth above.

**{¶13}** Hough's first allegation of judicial bias pertains to the comment posted to cleveland.com from Judge Saffold's email account on her court-issued computer. The comment stated the following:

> If a black guy had massacred five people then he would've received the death penalty. A white guy does it and he gets a pat on the hand. The jury didn't care about the victims. They were set to cut him loose from day one. All of them ought to be ashamed.

Cleveland.com, *Anonymous online comments are linked to the personal e-mail account of Cuyahoga County Common Pleas Judge Shirley Strickland Saffold*, http://blog.cleveland.com/metro/2010/03/post_258.html (accessed Feb. 27, 2013).

According to Hough's affidavit seeking disqualification, the comment was posted on the same day that Judge Saffold imposed Hough's sentence, May 22, 2008. But the fact that this comment was made from Judge Saffold's computer did not come to light until much later. The story broke on cleveland.com on March 26, 2010. The Ohio Supreme Court subsequently ordered Judge Saffold removed from any further postconviction proceedings.

{¶14} Hough argues that this comment evidences Judge Saffold's prejudice and bias for a specific result in Hough's case: that she was biased in favor of Hough receiving the death penalty. The comment, coming from a presiding judge, is unprofessional and inappropriate, to say the least. We also note that the comment can be fairly characterized as extrajudicial if it is based on a judge's belief that, as a white defendant, the jury treated Hough more leniently than it would have had Hough been a black defendant.[1] Hough's race is not relevant to the crimes for which he was charged and convicted.

---

[1]Judge Saffold asserts that she did not send the comment; rather, it was her daughter. The Ohio Supreme Court did not make a finding on this issue.

**{¶15}** Although inappropriate and arguably extrajudicial, the comment does not require us to vacate Hough's conviction and order a new trial for the obvious reason that Hough did not receive the death penalty. Judge Saffold did not exhibit any pro-death-penalty bias when she sentenced Hough in accordance with the jury's recommendation for a life sentence. We also find the timing of the comment relevant as it was posted after the sentence was rendered. In arguing that the timing of the comment is irrelevant, Hough alleges that the Ohio Supreme Court's Judgment Entry removing Judge Saffold from any further proceedings stated that "[t]he timing of the comments does not remove the taint of impropriety * * *." But Hough's argument takes the court's quote out of context. The full quote is that "[t]he timing of the comments does not remove the taint of impropriety *where, as here, Hough has a pending postconviction relief proceeding before Judge Saffold.*" (Emphasis added.) The court's statement evidences a concern about removing the appearance of impropriety from *future* proceedings; the court's statement was not directed towards proceedings that took place before the comment was posted, and the statement sheds no light on whether the court would find that the underlying trial proceedings were corrupted by judicial bias.

**{¶16}** To be clear, our decision does not stand for the proposition that a due process, judicial-bias claim is subject to harmless-error analysis. The Ohio Supreme Court's decision in *Dean* appears to indicate that a defendant who successfully shows judicial bias need not demonstrate prejudice before obtaining a new trial. The *Dean* Court determined that the trial judge harbored bias and, even after acknowledging that

"substantial evidence" existed that the defendant "participat[ed] in a senseless murder," the court concluded that it was "required to reverse the convictions, vacate the death sentence imposed * * * and remand th[e] case for a new trial." 127 Ohio St.3d 140, 2010-Ohio-5070, 937 N.E.2d 97, at ¶ 2. The *Dean* Court acknowledged, however, that its decision was based on "the highly extraordinary facts of [that] case."[2] *Id.*

{¶17} Our decision today is not based on harmless error. Rather, we conclude that Judge Saffold's decision to follow the jury's recommendation and to sentence Hough to a life sentence, regardless of the comment posted from her court-issued computer, is highly relevant evidence that she was not so biased against Hough as to render the trial fundamentally unfair.

{¶18} We also reject Hough's argument that Judge Saffold's decision to deny Hough's Crim.R. 29 motion on the element of "prior calculation and design" was based on a personal bias in favor of Hough receiving the death penalty. In order to review the merits of this argument we would have to review the trial transcript, but Hough has failed to file a trial transcript. Under settled authority, the appellant has the duty to file the

---

[2]In *Dean*, the trial court made a number of unreasonable, adverse rulings all running against the defendant, some of which affected "crucial decisions," such as whether the defendant would testify on his own behalf. During trial, the court displayed obvious animosity towards defense counsel, such that defense counsel asked to be removed for concern that they could not adequately represent the defendant. The trial court refused to let counsel withdraw and refused to let the defendant represent himself. The defendant was convicted and sentenced to death. After trial, the trial court initiated criminal contempt proceedings against the defendant's counsel that revealed that the trial court harbored a bias towards counsel that predated the trial. When examined as a whole, the Ohio Supreme Court determined that the trial court's earlier assurances that it would remain unbiased were untrue.

transcript or such parts of the transcript as are necessary for evaluating the lower court's decision.  App.R. 9(B); *State v. Peterson*, 8th Dist. No. 96958, 2012-Ohio-87, ¶ 7;  *State v. Turner*, 8th Dist. No. 91695, 2008-Ohio-6648, ¶ 13.  Failure to file the transcript, when necessary, prevents us from  reviewing an appellant's assignments of error.  *Peterson* at ¶ 7;  *Turner* at ¶ 13.  Because  Hough's argument regarding Judge Saffold's Crim.R. 29 ruling would require us to review the trial transcript, and because Hough failed to file the trial transcript, we cannot review this argument.

{¶19} With regard to the expert fees, Judge Saffold granted every one of   Hough's motions for expert assistance, including a mitigation expert, a forensic toxicologist, a neuropsychologist, a firearms expert, an investigator, a psychiatrist, and a clinical psychologist.  The docket reflects that the court applied its normal fee schedule.  While Hough may believe the fee schedule was unreasonable, Judge Saffold's decision does not evidence bias, because the fees allotted were consistent with the judge's normal practices.   Accordingly, we do not find judicial bias in this decision.  Because Hough cannot demonstrate that his trial was fundamentally unfair as a result of judicial bias, we overrule the first assignment of error.

{¶20} In his second assignment of error, Hough argues that the trial court erred in denying his motion for a new trial pursuant to Crim.R. 33.  Hough argues that he is entitled to a new trial because of newly discovered evidence that demonstrated that his original trial judge was biased.   The newly discovered evidence that Hough raises is the online comment from Judge Saffold's email account.   We conclude that the trial court

did not err in denying Hough's motion for a new trial pursuant to Crim.R. 33, and so we overrule the second assignment of error.

**{¶21}** A motion for a new trial is governed by Crim.R. 33, which provides that a new trial should not be granted unless it affirmatively appears that the defendant was prejudiced or was prevented from having a fair trial. Crim.R. 33(E)(5). The decision to grant a new trial is an extraordinary measure, and requires that the evidence weighs heavily in favor of the moving party. *State v. Price*, 8th Dist. No. 92096, 2009-Ohio-480, ¶ 14. The decision as to whether to grant a motion for a new trial rests in the sound discretion of the trial court and will be granted or refused as justice requires. *State v. Glover*, 8th Dist. No. 93623, 2010-Ohio-4112, ¶ 10.

**{¶22}** We apply an abuse-of-discretion standard when reviewing a trial court's refusal to grant a new trial, and we will not reverse the trial court's decision unless it appears that the matter asserted as a ground for a new trial materially affects the substantial rights of the defendant. *Id.* An abuse of discretion is not just an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. *Id.*

**{¶23}** When a motion for a new trial is made on the basis of newly discovered evidence, the motion must be filed within 120 days after the day the verdict is rendered. Crim.R. 33(B). A defendant may file a motion for a new trial outside the 120-day deadline only by leave of court and only "[i]f it is made to appear by clear and convincing

proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely[.]" *Id.*

**{¶24}** Hough's motion was made on the basis of newly discovered evidence: the discovery of the online comment made from Judge Saffold's email account. Hough also argues that the judge's decision to deny Hough's Crim.R. 29 motion and her decision to cap expert fees come in as newly discovered evidence, because these decisions were based on a bias that did not come to light until the online comment had been discovered. Assuming arguendo that all three pieces of evidence were "newly discovered," this would mean that the evidence was discovered outside of the 120-day deadline, because the comment did not come to light until well past 120 days of Hough's verdict. Hough's verdict was rendered on May 15, 2008, and the cleveland.com story was posted on March 26, 2010. Accordingly, under Crim.R. 33(B), Hough was required to seek leave of the court before filing his motion for a new trial. Hough did not seek leave to file the delayed motion.

**{¶25}** But even if Hough had sought leave to file the motion for a new trial, and even if leave to file had been granted, we would still conclude that the trial court did not abuse its discretion in denying Hough's motion for a new trial. In order to prevail on a motion for a new trial based on newly discovered evidence, the defendant must show that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) with due diligence could not have been discovered before the trial, (4) is material to the issues, (5) is not merely

cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State v. Parker*, 8th Dist. No. 96941, 2012-Ohio-362, ¶ 33, citing *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947); *State v. Hawkins*, 66 Ohio St.3d 339, 350, 612 N.E.2d 1227 (1993).

**{¶26}** Here, the evidence that Hough presents in support of his claim of judicial bias does not disclose a strong probability that it would change the result if a new trial was granted. As discussed in the first assignment of error, the evidence does not indicate that Judge Saffold presided over an unfair trial. The comments posted from her email account after the life sentence was rendered express dissatisfaction with the jury's decision not to impose the death penalty. But this does not, in itself, demonstrate that Judge Saffold failed to conduct a fair and impartial trial. We are precluded from assessing whether Judge Saffold's decision to deny Hough's Crim.R. 29 motion was based on judicial bias because, as discussed in our first assignment of error, Hough did not file the transcript on appeal. With regard to whether the cap on expert fees constituted bias, we again conclude that there is no evidence of bias, because the docket reflects that the court applied its normal fee schedule.

**{¶27}** Furthermore, Hough cannot demonstrate a strong probability that the outcome of a new trial in front of a different judge would have produced a different outcome, because the evidence of Hough's guilt was overwhelming. *State v. Hough*, 8th Dist. No. 91691, 2010-Ohio-2770, ¶ 35 (overwhelming evidence of Hough's guilt

existed). The trial court did not abuse its discretion in overruling Hough's motion for a new trial under Crim.R. 33 and so we overrule the second assignment of error.

{¶28} In his third assignment of error, Hough argues that the trial court erred in denying his motion to correct his sentence. According to Hough, the trial court erred in failing to merge all of his sentences for the three counts of aggravated murder and the two counts of attempted murder. Hough's motion was properly denied by the trial court because the motion is barred by res judicata.

{¶29} The doctrine of res judicata is applied in criminal cases to bar further litigation of issues that were previously raised or that could have been raised previously in an appeal. *State v. Brooks*, 8th Dist. No. 98380, 2012-Ohio-5292, ¶ 7, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶30} We have previously held that a defendant must raise on direct appeal the issue of whether two offenses constitute allied offenses of similar import subject to merger. If the defendant does not raise the issue on direct appeal and then attempts to raise the issue in a postconviction motion, res judicata applies. *State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, ¶ 6. *See also, e.g., State v. Collins*, 8th Dist. No. 97496, 2012-Ohio-3687, ¶ 10-11 (same); *State v. Davis*, 8th Dist. No. 96908, 2012-Ohio-1635, ¶ 12-13 (same). Hough is raising this issue for the first time in a postconviction appeal. Applying *Goldsmith* and its progeny to the instant case, res judicata applies, and the trial court did not err in denying Hough's motion to correct his sentence.

**{¶31}** The trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KENNETH A. ROCCO, JUDGE

SEAN C. GALLAGHER, P.J., and
TIM McCORMACK, J., CONCUR