JOURNAL ENTRY and OPINION
{¶ 1} Defendant Louis Abney (appellant) appeals from the trial court's accepting his plea of guilty to voluntary manslaughter with a firearm specification and his agreed upon sentence of 13 years imprisonment. After reviewing the facts of the case and pertinent law, we affirm.
 I. {¶ 2} On March 6, 2003, appellant, along with co-defendant Naeem Miller, was indicted for one count of aggravated murder in violation of R.C. 2903.01, with a three-year firearm specification, for the February 3, 2003 fatal shooting of Kenneth Ware. On January 12, 2004, appellant entered a plea of guilty to voluntary manslaughter in violation of R.C. 2903.03, with a three-year firearm specification, pursuant to a plea bargain that included an agreed upon sentence of 13 years in prison. That same day, the court sentenced appellant to 13 years in prison accordingly.
 II. {¶ 3} In his first assignment of error, appellant argues that "the defendant/appellant was denied effective assistance of counsel pursuant to the 6th and 14th Amendments to the United States Constitution." Specifically, appellant argues that defense counsel failed to investigate evidence that another individual was responsible for the victim's death. As support for his argument, appellant points to a Cleveland Plain Dealer article and the F.B.I's Most Wanted List, both stating that Naeem Miller was wanted on homicide charges relating to the death of Kenneth Ware. Appellant fails to point out that both he and Miller were being charged as co-defendants for the shooting.
 {¶ 4} In order to substantiate a claim of ineffective assistance of counsel, an appellant must demonstrate that 1) the performance of defense counsel was seriously flawed and deficient, and 2) the result of appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668; State v. Brooks (1986), 25 Ohio St.3d 144. In Statev. Bradley, the Ohio Supreme Court truncated this standard, holding that reviewing courts need not examine counsel's performance if appellant fails to prove the second prong of prejudicial effect. State v. Bradley (1989), 42 Ohio St.3d 136. "The object of an ineffectiveness claim is not to grade counsel's performance." Id. at 142.
 {¶ 5} In the instant case, appellant argues that had defense counsel investigated Miller's guilt, appellant would have gone to trial claiming his innocence rather than pleading guilty. However, appellant's guilt and Miller's guilt are not mutually exclusive. Appellant and Miller, as co-defendants, could both be found guilty of the same offense. See, e.g., Crim.R. 8 (allowing joinder of criminal defendants if they are alleged to have participated in the same course of criminal conduct). As such, Miller's guilt, or innocence for that matter, is not exculpatory evidence to be used in appellant's case. Defense counsel's consideration of Miller's news articles has no bearing on the outcome of appellant's case, and should not have affected appellant's decision to plead guilty.
 {¶ 6} Accordingly, appellant was not denied effective assistance of counsel, and his first assignment of error is overruled.
 III. {¶ 7} Appellant's second and third assignments of error will be discussed together, and they read as follows:
"The trial court's imposition of maximum sentences is contrary to law when the appellant had not previously served a prison term and the trial court did not make findings that the maximum sentence was necessary because the appellant either committed the worst forms of the offenses or posed the greatest likelihood of committing future crimes in violation of R.C. 2929.14; 2929.15 
2929.19."
"The trial court erred when it sentenced appellant to a term of incarceration greater than the minimum without making the required findings on the record that the minimum term would demean the seriousness of the offense or not adequately protect the public."
 {¶ 8} Specifically, appellant argues that the court did not comply with R.C. 2929.14 by failing to make the required findings on the record when sentencing appellant to 13 years in prison — the maximum of ten years for a first-degree felony, plus the mandatory three years for a firearm specification.
 {¶ 9} The pertinent parts of R.C. 2929.14 read as follows:
"(B) [T]he court shall impose the shortest prison term authorized for the offense * * *, unless * * * 1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term, [or] 2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
"(C) [T]he court * * * may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * *, and upon certain repeat violent offenders * * *."
 {¶ 10} Pursuant to R.C. 2953.08(G), an appellate court may reverse a sentence only when it finds by clear and convincing evidence that the record does not support the sentence or the sentence is contrary to law. However, R.C. 2953.08(D) states that a "sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Additionally, inState v. Hyde (Jan. 11, 2001), Cuyahoga App. No. 77592, we held the following:
"Where a defendant specifically agrees to accept the maximum sentence, he has essentially conceded that the wrongful conduct at issue satisfies the statutory requirements for imposing the longest prison term, which negates the `category finding' requirement of R.C. 2929.14(C). To do otherwise would be a vain act. Under these circumstances, we conclude that [the defendant] waived his right to both a record `category finding' and the reasons for the `category finding' under R.C. 2929.14(C)."
 {¶ 11} In the instant case, the state indicated in the plea hearing that "we are agreeing to a maximum sentence, that being a sentence of ten years, plus an additional three years for the firearm specification * * *." In response, defense counsel stated: "That, in fact, is a correct statement of the plea agreement." In addition, when asked if he understood that the court would impose the maximum sentence of ten years plus three years, appellant responded on the record that he did.
 {¶ 12} In following both R.C. 2953.08(D) and Hyde, we conclude that appellant cannot now contest his sentence, to which he agreed at the plea hearing, as not complying with R.C.2929.14(C). Appellant's second and third assignments of error are without merit.
 IV. {¶ 13} In appellant's fourth and final assignment of error, he argues that "the trial court committed prejudicial error and plain error when it sentenced defendant on his guilty pleas before the trial court without an executed written trial waiver, thus, violating R.C. 2945.05 and Criminal Rule 52(B), and 14th Amendment due process."
 {¶ 14} R.C. 2945.05 provides that a criminal defendant may be tried by the court only if the defendant waives his or her right to a trial by jury in writing and this waiver is made a part of the record. The Ohio Supreme Court stated that when R.C. 2945.05
is not strictly complied with, the court does not have jurisdiction to try the defendant without a jury. State ex rel.Jackson v. Dallman (1994), 70 Ohio St.3d 261. Appellant's reliance on this statute is misplaced because he entered a guilty plea and was not tried, by the court or otherwise. See Martin v.Maxwell (1963), 175 Ohio St. 147, 147 (holding that the mandates of R.C. 2945.05, "requiring the filing of a written waiver of a trial by jury, are not applicable where a plea of guilty is entered by an accused. The failure in such an instance to file a waiver does not deprive an accused of any of his constitutional rights nor does it deprive the court of its jurisdiction").
 {¶ 15} Given that appellant pled guilty to voluntary manslaughter, R.C. 2945.05 is inapplicable to his case, and his final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Rocco, J., and Kilbane, J., concur.