JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. R. 11.1, the trial court records, and briefs of counsel.
 {¶ 2} Defendant-appellant, Donald Turner, appeals from his resentencing hearing in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm.
 {¶ 3} Following a jury trial, Turner was convicted of robbery. He appealed his conviction, raising six assignments of error. On October 27, 2007, this court affirmed his conviction, but vacated his sentence and remanded the case for a new sentencing hearing because the court failed to inform Turner that he was subject to post-release control.State v. Turner, Cuyahoga App. No. 88958, 2007-Ohio-5732.
 {¶ 4} The trial court resentenced Turner on May 29, 2008. Turner appeals, advancing two assignments of error for our review. His first assignment of error states the following:
 {¶ 5} "The judgment entered by the trial court and the indictment returned by the grand jury are null and void for lack of subject matter jurisdiction and for failure to charge as defined by statute a robbery offense."
 {¶ 6} Under this assignment of error, Turner relies on State v.Colon, 118 Ohio St.3d 26, 2008-Ohio-1624, and argues that his indictment was defective because it failed to set forth the mens rea element, and thus his conviction must be reversed. *Page 4 
 {¶ 7} The state contends that Colon does not apply because Turner's direct appeal was not pending at the time that Colon was decided. The state also argues that Turner waived the issue or that it is barred by res judicata.
 {¶ 8} Post-conviction relief is available only for errors based upon facts and evidence outside the record. "Errors and deficiencies in an indictment are not outside the record; therefore, they can only be attacked on direct appeal. * * * It follows that a court may apply the doctrine of res judicata to bar a petition for post-conviction relief if it is based upon a claim that the indictment is insufficient or defective, since this claim would not require consideration of matters outside the original record." State v. Peterson, Cuyahoga App. No. 90263, 2008-Ohio-4239, citing State v. Grimm (Apr. 25, 1997), Miami App. Nos. 96-CA-37 and-38 (citations omitted).
 {¶ 9} Since Turner did not raise the sufficiency of the indictment on direct appeal, although he could have done so, he is barred by the doctrine of res judicata from raising that issue now. Turner's first assignment of error is overruled.
 {¶ 10} Turner's second assignment of error states the following:
 {¶ 11} "The trial court erred in failing to impose any statutory sentence as mandated by R.C. 2929.14, thereby rendering appellant's imprisonment unlawful."
 {¶ 12} Turner contends that the trial court did not conduct a new sentencing hearing upon remand by this court. Turner has failed to file a transcript of the resentencing hearing. *Page 5 
 {¶ 13} The law is settled that the appellant has the duty to file the transcript or such parts of the transcript as are necessary for evaluating the lower court's decision. See App. R. 9(B) and State v.Gray (1993), 85 Ohio App.3d 165, 170. Furthermore, failure to file the transcript prevents an appellate court from reviewing the appellant's assignments of error. Szitasi v. Sobe (Apr. 27, 2000), Cuyahoga App. No. 75632; see, also, Roberts v. Payton (1995), 105 Ohio App.3d 597, 600.
 {¶ 14} Since we cannot review the transcript, we must overrule this assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., CONCURS; MELODY J. STEWART, J., DISSENTS (WITH SEPARATE OPINION) *Page 6