[Cite as *State v. Williams*, 2011-Ohio-3267.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96323

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DENNIS WILLIAMS

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-432748

**BEFORE:** Kilbane, A.J., Sweeney, J., and Jones, J.

**RELEASED AND JOURNALIZED:**   June 30, 2011

**APPELLANT**

Dennis Williams, Pro Se
Inmate No. 453-475
Grafton Correctional Institution
2500 S. Avon-Belden Road
Grafton, Ohio 44044

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Mary McGrath
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, A.J.:

{¶ 1}   This appeal is before the court on the accelerated docket pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶ 2}   Defendant-appellant, Dennis Williams (Williams), pro se, appeals the trial court's denial of his motion to correct a void sentence.   For the reasons that follow, we remand the case for the limited purpose to correct the sentencing entry regarding postrelease control.

{¶ 3} The facts of this case were previously set forth by this court in *State v. Williams*, Cuyahoga App. No. 85858, 2005-Ohio-4422, as follows:

> "On January 22, 2003, the Cuyahoga County Grand Jury jointly indicted Williams and his co-defendant, Lawrence Royster, on eight counts: two counts for aggravated murder with felony-murder specifications, one count for aggravated arson, two counts for aggravated robbery, and three counts for intimidation. All of the counts had one- and three-year firearm specifications attached. The counts arose from Williams setting fire to Lawrence Royster's home to cover up the murder of Kenyard Drake.
>
> On June 6, 2003, Williams entered a guilty plea to an amended count of involuntary manslaughter, one count of aggravated arson, and one count of aggravated robbery. He also pled to the attached three-year firearm specifications. The remaining counts were nolled.
>
> Williams filed a motion to vacate his plea prior to being sentenced, which was denied. On October 6, 2003, the trial court sentenced Williams to ten years on the involuntary manslaughter count, six years on the aggravated arson count, two years on the aggravated robbery count, and a mandatory three years on each of the firearm specifications, which were merged. The sentences were imposed consecutively for a total of twenty-one years.
>
> Williams filed a notice of appeal from his plea and sentence. However, he thereafter voluntarily dismissed the appeal. [*State v. Williams* (December 22, 2003), Cuyahoga App. No. 83706.] This court denied his motion to reinstate the appeal and motion to file a delayed appeal. Id. at ¶3-6."

{¶ 4} In September 2004, Williams filed another motion to withdraw his guilty plea, which the trial court denied. In December 2004, he filed a

motion to correct his sentence, which the trial court also denied. This court affirmed the trial court's denial of his motion to correct his sentence, finding that Williams's claim cannot be considered because it is barred by res judicata. Id. at ¶ 10.

{¶ 5} Then, in December 2010, Williams filed another motion to correct a void sentence in light of the Ohio Supreme Court's rulings in *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, and *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, arguing that he is entitled to a de novo sentencing hearing because the trial court failed to properly notify him of postrelease control. The State opposed the motion, arguing that Williams's sentence is not void and may be corrected by a nunc pro tunc journal entry. The trial court denied Williams's motion in January 2011.

{¶ 6} It is from this order that Williams now appeals, raising the following two assignments of error for review.

ASSIGNMENT OF ERROR ONE

**"The trial court committed reversible error when it failed to properly notify [Williams] that five years of postrelease control was mandatory in his case during his sentencing hearing on September 30, 2003 and failed to properly include postrelease control into the judgment entry of that sentence; violating [R.C. 2967.28] and [Williams's] right to Due Process protected by both the Ohio and United States Constitutions."**

ASSIGNMENT OF ERROR TWO

**"The trial court abused its discretion when it overruled [Williams's] Motion to Correct a Void Sentence for lack of properly imposed postrelease control."**

{¶ 7} As an initial matter, we note that both of Williams's assigned errors challenge the trial court's imposition of postrelease control at the September 2003 sentencing hearing. In *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, the Ohio Supreme Court recently held that principles of res judicata, including the doctrine of the law of the case, do not preclude appellate review of the imposition of postrelease control and that the sentence may be reviewed at any time, on direct appeal or by collateral attack. Thus, the issue of Williams's postrelease control is properly before this court.

{¶ 8} Williams argues his sentence is void because the trial court failed to advise him at the sentencing hearing and include in the sentencing journal entry that he would be subject to five years mandatory postrelease control upon his release from prison. He claims that the trial court's failure to use "mandatory language" rendered his sentence void and entitled him to a de novo hearing. However, we are unable to determine whether the trial court properly sentenced Williams to a mandatory five years of postrelease control at the sentencing hearing because he did not file a transcript of that hearing.

**{¶ 9}** In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision. See App.R. 9(B); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. The failure to file the transcript prevents an appellate court from reviewing the appellant's assignments of error. *State v. Turner*, Cuyahoga App. No. 91695, 2008-Ohio-6648, ¶13, appeal not allowed, 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655. Thus, absent a transcript or alternative record, we must presume regularity in the proceedings below. *Knapp* at 199.

**{¶ 10}** Since Williams did not file a transcript of the proceedings below, which is necessary for our determination of the issue before us, his argument that the trial court failed to provide proper notice of postrelease control during the sentencing hearing is without merit.

**{¶ 11}** Our analysis does not end here, however, because Williams also claims that the trial court failed to properly incorporate his postrelease control obligations into its sentencing journal entry. This portion of his argument has merit. In the sentencing journal entry, the trial court stated "[p]ost release control is part of this prison sentence for the maximum period allowed for the above felony(s) under R.C. 2967.28." Williams argues the trial court was required to state that he was obligated to serve a mandatory period of five years of postrelease control.

**{¶ 12}** This court has held that it is insufficient for the court to inform the defendant at sentencing and in its journal entry that he "may be" subject to postrelease control when postrelease control is mandatory. See *State v. Nicholson*, Cuyahoga App. No. 95327, 2001-Ohio-14, ¶12. Here, Williams plead guilty to a first degree felony, so he was subject to a mandatory five-year period of postrelease control. See R.C. 2967.28(B)(1). Therefore, the court did not properly impose a mandatory five-year period of postrelease control in its sentencing entry.

**{¶ 13}** Furthermore, this court has also held that if a court imposes a prison sentence that includes a term of postrelease control, the court must notify the offender, both at the sentencing hearing and in its journal entry, that the parole board could impose an additional prison term if the offender violates the terms and conditions of postrelease control. *State v. James*, Cuyahoga App. No. 94400, 2010-Ohio-5361, ¶25. In the instant case, the trial court erred by failing to state in its journal entry that the parole board could impose an additional term of incarceration if Williams violates the terms and conditions of postrelease control. See *State v. Rice*, Cuyahoga App. No. 95100, 2011-Ohio-1929, ¶10 (where this court, relying on *Fischer*, remanded appellant's case for the trial court to correct the sentencing journal entry to reflect that appellant could be subject to further incarceration for violation of terms and conditions of postrelease control.)

**{¶ 14}** The State argues that under *Fischer*, this court can correct Williams's sentence without remanding for a resentencing hearing. We find the State's argument more persuasive.

**{¶ 15}** In *Fischer*, the Ohio Supreme Court recognized that appellate courts do not have to remand a sentence that includes an improper period of postrelease control, calling remand "just one arrow in the quiver." Id. at ¶29. Instead, the *Fischer* court acknowledged that an appellate court's discretion to correct "a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." Id. The court explained, "[c]orrecting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence [,]" in cases where "a trial judge does not impose postrelease control in accordance with statutorily mandated terms." Id. at ¶30.

**{¶ 16}** Accordingly, we remand the matter with instructions to the trial court to correct its journal entry dated October 6, 2003, to reflect that Williams is subject to five years mandatory postrelease control and that an additional term of up to one-half of his prison sentence could be imposed if Williams violates the terms and conditions of his postrelease control. See *State v. Norris*, Cuyahoga App. No. 95485, 2011-Ohio-1795, ¶22; *State v. Williams*, Cuyahoga App. Nos. 94321–94323, 2011-Ohio-316, ¶29.

**{¶ 17}** Judgment is affirmed and the sentence is modified. The matter is remanded with instructions to the trial court to correct its sentencing entry dated October 6, 2003 to reflect that Williams is subject to five years mandatory postrelease control and that Williams could be subject to an additional term of up to one-half of his prison sentence if he violates the terms and conditions of his postrelease control.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, ADMINISTRATIVE JUDGE

JAMES J. SWEENEY, J., and
LARRY A. JONES, J., CONCUR