[Cite as *State v. Ali*, 2012-Ohio-2510.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97612**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## OSIRIS ALI

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-465969

**BEFORE:** S. Gallagher, J., Stewart, P.J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**FOR APPELLANT**

Osiris Ali, pro se
Inmate #503-171
501 Thompson Road
P.O. Box 8000
Conneaut, OH   44030


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By: Katherine Mullin
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, J.:

{¶1}   Defendant Osiris Ali appeals from the trial court's decision to deny his motion to correct a void sentence, based on an alleged improper notification of Ali's postrelease control ("PRC") obligations.   For the following reasons, we affirm.

{¶2}   In 2006, the trial court sentenced Ali to concurrent terms of life in prison for various rape charges, to be served after Ali served four years in prison on several counts of unlawful sexual conduct with a minor but concurrent with four-year prison terms on several other charges.   Postrelease control was part of the sentence for a mandatory five-year term based on the felony sex offenses.   The trial court, however, failed to include the appropriate notifications in the 2006 sentencing entry.   Recognizing this deficiency, Ali and the state both filed separate motions to correct the void judgment.  On December 17, 2010, the trial court conducted a de novo resentencing hearing and issued a new sentencing entry with the PRC notification that reincorporated the original prison terms.[1]

{¶3}   In the December 17, 2010 sentencing entry ("sentencing entry"), the trial court stated as follows:

> Post release control is part of this prison sentence for 5 years for the above felony(s) under R.C. 2967.28.   Defendant advised that if post release

---

[1]   The trial court held the de novo resentencing hearing pursuant to *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961.   The Ohio Supreme Court overruled *Bezak* on December 23, 2010, to the extent that the resentencing hearing was no longer a de novo sentencing. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332.

control supervision is imposed following his/her release from prison and if he/she violates that supervision * * *, parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon the offender.

On October 11, 2011, Ali again filed a motion to correct the void judgment. Ali argues that the PRC notification, given both orally and in the sentencing entry, failed to notify him of the mandatory nature of the five-year term of PRC because the court omitted the word "mandatory," and additionally, the trial court erred by not orally notifying him of his appellate rights. Ali's arguments are without merit.

{¶4} As pertinent to this discussion, R.C. 2929.19(B)(2)(c) requires the trial court to notify a defendant that he is subject to supervision for a period of five years, based on his convictions on the felony sex offenses. Further, R.C. 2929.19(B)(2)(e) requires the trial court to notify the defendant of the consequences of violating the PRC, if imposed. Accordingly, a trial court is simply required to notify the defendant of the "mandatory nature" and length of the PRC term and the consequences for violating the PRC term if imposed. *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909 N.E.2d 1254, ¶ 69; R.C. 2929.19. The trial court need not recite the magic word "mandatory" to convey the mandatory nature of the term of PRC. *See State v. Holloman*, 10th Dist. No. 11AP-454, 2011-Ohio-6138, ¶ 9 (the word "mandatory" is not necessary to convey the mandatory nature of PRC when the court used similar words such as "will"). The important inquiry is whether the trial court's language conveyed the mandatory nature of the PRC term. *Id*. There is a distinction between Ali's argument that the trial court should have told him the PRC term was mandatory and the requirement

that he be notified of the mandatory nature of the PRC term. Ali seeks to expand the notification from one conveying the mandatory nature to one that expressly states that the PRC term is mandatory. We decline to adopt this overly formulaic requirement.

{¶5} In this case, Ali was subject to a mandatory five-year term of PRC pursuant to R.C. 2967.28(B)(1). The trial court's notice in the sentencing entry tracked the statutory requirements. The trial court notified Ali that PRC was part of his prison sentence for five years. There was no equivocation in the notice. The failure to include the word "mandatory" in the notification did not render the notice insufficient. Further, the trial court's advisement of the consequences of any violation of PRC "if imposed" elaborated upon the court's prior notice that Ali's sentence included an unequivocal five-year term of PRC. The second advisement did not create an ambiguity in the mandatory nature of Ali's PRC term.

{¶6} Finally, any argument regarding the trial court's failure to orally notify Ali of the mandatory nature of his PRC term or of his appellate rights pursuant to Crim.R. 32 at the December 2010 de novo resentencing hearing is without merit. As recognized by this court in *State v. Williams*, 8th Dist. No. 96323, 2011-Ohio-3267, ¶ 9:

> In Ohio, the appellant has the duty to file the transcript or such parts of the transcript that are necessary for evaluating the lower court's decision. See App.R. 9(B); *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384. The failure to file the transcript prevents an appellate court from reviewing the appellant's assignments of error. *State v. Turner*, Cuyahoga App. No. 91695, 2008-Ohio-6648, ¶ 13, appeal not allowed, 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655. Thus, absent a transcript or alternative record, we must presume regularity in the proceedings below. *Knapp* at 199.

The transcript of the proceedings was not included in the record and is necessary for our determination of whether the trial court orally notified Ali of his PRC term and appellate rights. The sentencing entry indicates that both notices were provided during the December resentencing hearing. Absent the transcript, we must presume regularity of the proceedings below, and any argument to the contrary is without merit.

{¶7} The trial court complied with the statutory sentencing requirements by providing notice of the mandatory nature of his five-year PRC term, and Ali's assignments of error are accordingly overruled. The decision of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

MELODY J. STEWART, P.J., and
JAMES J. SWEENEY, J., CONCUR