[Cite as *State v. McCornell*, 2012-Ohio-2503.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97406

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VOLTAIRE MCCORNELL

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-520113

**BEFORE:**   Keough, J., Sweeney, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 7, 2012

**ATTORNEY FOR APPELLANT**

Nancy E. Schieman
9368 Sunrise Court
Mentor, OH 44060

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:   Diane Smilanick
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} Defendant-appellant, Voltaire McCornell, pled guilty to felonious assault, domestic violence, two counts of endangering children, and intimidation; he was sentenced to 13 years in prison. In his direct appeal, he only challenged his sentence. This court affirmed, but remanded the case to the trial court for an R.C. 2929.191 hearing to correct an error made in imposing postrelease control. *State v. McCornell*, 8th Dist. No. 93274, 2010-Ohio-3086.

{¶3} On remand, the trial court properly advised McCornell and imposed the mandatory three-year term of postrelease control.[1] McCornell now asserts the following four assignments of error in this delayed appeal:

---

[1]Prior to oral argument, this court issued a limited remand for the trial court to issue a single judgment entry in compliance with Crim.R. 32 and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus. At oral argument, it was brought to this court's attention that instead of simply issuing a single judgment entry of conviction as ordered by this court, the trial court conducted a resentencing hearing. The trial court was without jurisdiction to conduct a re-sentencing hearing as the limited remand only gave the court jurisdiction to issue a judgment entry of conviction in compliance with Crim.R. 32 and *Lester*. Nevertheless, upon review of the single judgment entry of conviction issued by the trial court, we find that it reflects and incorporates the judgments issued by the trial court, which were supposed to be merged into one

Assignment of error 1: Appellant's plea is invalid because he was not given the specific length of PRC, and the maximum penalties involved, as well as, the notification that PRC was "mandatory" before the plea was accepted, violating Crim.R. 11(C)(2)(a).

Assignment of error 2: The trial court incorrectly denied appellant's verbal motion to withdraw his plea before resentencing.

Assignment of error 3: The trial court committed "plain error" when it sentenced and resentenced appellant for allied offenses, which violates the double jeopardy clause & U.S.C.A. Const. Amend.5, [sic] O.R.C. 2941.25(A).

Assignment of error 4: The trial court failed to advise the appellant of his appellate rights, including his right to counsel and the right to appeal, thereby denying [him] due process and equal protection of the law in violation of the Sixth and Fourteenth Amendments to the United States and Article 4, Section 3 of the Ohio Constitution, and O.R.C. 2905.03 and 2953.02.

**{¶4}** We find that assignments of error one, three, and four, and the issues raised therein, are barred by res judicata. McCornell, in his direct appeal, only challenged the imposition of postrelease control and consecutive sentences. He made no argument in his direct appeal concerning his plea, allied offenses, or the trial court's failure to advise him of his appellate rights. Therefore, res judicata bars these assignments of error and are therefore overruled. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824, ¶ 16-17.

**{¶5}** We also find no merit in McCornell's second assignment of error. The record fails to identify the basis on which McCornell sought to withdraw his plea because no transcript of the resentencing was provided to this court. The failure to file the

entry pursuant to the limited remand.

transcript prevents an appellate court from reviewing the appellant's assignment of error. *State v. Turner*, 8th Dist. No. 91695, 2008-Ohio-6648, ¶ 13, appeal not allowed, 121 Ohio St.3d 1476, 2009-Ohio-2045, 905 N.E.2d 655. Accordingly, McCornell's second assignment of error is overruled.

{¶6} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY, P.J., and
SEAN C. GALLAGHER, J., CONCUR