[Cite as *State v. Hansbro*, 2016-Ohio-3274.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| *Plaintiff-Appellee* | : | Appellate Case No. 2014-CA-103 |
| | : | |
| v. | : | Trial Court Case No. 2014-CR-0223 |
| | : | |
| ANTHONY LAMONT HANSBRO | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| *Defendant-Appellant* | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 3rd day of June, 2016.

. . . . . . . . . .

RYAN A. SAUNDERS, Atty. Reg. No. 0091678, Assistant Clark County Prosecuting Attorney, 50 East Columbia Street, 4th Floor, Springfield, Ohio 45502
    Attorney for Plaintiff-Appellee

SAMANTHA L. BERKHOFER, Atty. Reg. No. 0087370, P.O. Box 2693, Springfield, Ohio 45501
    Attorney for Defendant-Appellant

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Defendant-Appellant, Anthony Lamont Hansbro, appeals from his conviction and sentence on one count of Domestic Violence, a misdemeanor of the first degree, following an *Alford* plea of guilty. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). Appellant's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct.1396, 18 L.Ed.2d 493 (1967), wherein she recites that she has found no potential assignments of error having arguable merit. By entry filed on January 14, 2016, we advised Hansbro that an *Anders* brief had been filed on his behalf and granted him 60 days from that date to file his own pro se brief. Hansbro, however, chose not to file a brief. We have performed our duty under *Anders*, to review the record independently, and find no potential assignments of error having arguable merit.

{¶ 2} Hansbro was indicted by the Clark County Grand Jury on one count of Domestic Violence in violation of R.C. 2919.25(A) with a specification that the victim is a woman who Hansbro knew was pregnant at the time of the offense, a felony of the fifth degree. The charge arose from Hansbro swinging a purse at the victim, striking her in the face, and attempting to punch her. Hansbro, who was represented by counsel, initially pled not guilty to the charge.

{¶ 3} On July 17, 2014, Hansbro requested to waive his right to counsel. The court held a hearing on the request and Hansbro signed a waiver of counsel in open court. After a thorough examination, the court determined that Hansbro understood the ramifications and responsibilities of self-representation and granted his request.

{¶ 4} On July 25, 2014, Hansbro entered a negotiated *Alford* plea to a reduced charge of Domestic Violence, a misdemeanor of the first degree. The court sentenced

Hansbro to a term of six months in the Clark County jail to be served concurrently with an unrelated misdemeanor sentence. Ten days after sentencing, Hansbro filed a motion to withdraw his guilty plea and a motion for a new trial. On August 22, 2014, the trial court overruled both motions.

{¶ 5} In overruling the motion to withdraw guilty plea, the trial court found that the arguments and facts offered by Hansbro were based on a change of heart and did not raise a valid basis for finding that manifest injustice had occurred under Criminal Rule 32.1. As for the motion for new trial, Hansbro argued that he was entitled to a new trial because he was indicted without a preliminary hearing in violation of Crim.R. 5 and deprived of his right to confront his accuser. However, because Hansbro pled guilty, a trial never occurred. The trial court overruled the motion for new trial after finding that the grounds and facts supporting Hansbro's motion were not applicable under Crim.R. 33.

{¶ 6} On October 16, 2014, Hansbro's sentence was suspended upon his conveyance to Greene County, Ohio, to serve a prison term imposed by the Greene County Court of Common Pleas. Thereafter, Hansbro filed a delayed appeal from his judgment of conviction that was entered by the trial court on July 28, 2014. Upon a showing of good cause, we accepted Hansbro's appeal as timely filed and Hansbro was subsequently appointed appellate counsel. Hansbro's appointed counsel then filed an *Anders* brief that proposed two potential assignments of error. The first potential assignment of error is as follows:

> WHETHER THE COURT ABUSED ITS DISCRETION WHEN THE TRIAL
> COURT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS GUILTY
> PLEA AND GRANT A NEW TRIAL.

{¶ 7} The appeal in this case is from Hansbro's conviction, not the trial court's decision overruling the motion to withdraw guilty plea and motion for new trial. However, even if those decisions had been properly appealed from, we agree with Appellant's counsel that this proposed assignment of error is frivolous, as the trial court's reasons for overruling Hansbro's motions are clearly correct.

{¶ 8} The second potential assignment of error states:

WHETHER THE COURT ABUSED ITS DISCRETION WHEN THE TRIAL [COURT] FAILED TO HAVE THE DEFENDANT SIGN A WRITTEN WAIVER OF JURY TRIAL IN OPEN COURT.

{¶ 9} We agree with Appellant's counsel that the second proposed assignment of error is frivolous. The trial court conducted a thorough colloquy that complied with the requirements in Crim.R. 11. The record demonstrates that when Hansbro withdrew his plea of not guilty and entered a guilty plea he waived his right to a trial by jury. No written waiver of jury trial was necessary because there was no bench trial. R.C. 2945.05, 2945.06, and Crim.R. 23(A). The requirement for a written waiver of a jury trial in R.C. 2945.05 is " 'not applicable where a plea of guilty is entered by an accused.' " *State v. Abney*, 8th Dist. Cuyahoga No. 84190, 2006-Ohio-273, ¶ 14, quoting *Martin v. Maxwell*, 175 Ohio St. 147, 191 N.E.2d 838 (1963).

{¶ 10} In *Anders,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, the United States Supreme Court held that if counsel does a conscientious examination of the case and determines an appeal to be frivolous, counsel should advise the court and request permission to withdraw. *Id. at* 744. Counsel must also give the appellant a copy of the brief along with the request to withdraw. *Id.* The appellant must be given sufficient time to

raise any matters he so chooses. *Id.* After those requirements are satisfied, the appellate court must conduct a thorough examination of the proceedings to determine if the appeal is actually frivolous. *Id.*

{¶ 11} A frivolous appeal is "one that presents issues lacking in arguable merit." *State v. Marbury,* 2d Dist. Montgomery No. 19226, 2003-Ohio-3242, ¶ 8. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." (Citation omitted.) *Id.* If the appellate court determines the appeal is frivolous, it may then grant counsel's request to withdraw and then dismiss the appeal without violating any constitutional requirements, or the court can proceed to a decision on the merits if state law requires it. *Anders* at 744.

{¶ 12} In this case, all the requirements in *Anders* have been satisfied. After conducting a thorough, independent review of the proceedings, we found no potential assignments of error having arguable merit. Accordingly, Hansbro's appeal is wholly frivolous, and the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and HALL, J., concur.

Copies mailed to:

Ryan A. Saunders
Samantha L. Berkhofer
Anthony Lamont Hansbro
Hon. Richard J. O'Neill