[Cite as *State v. Atwater*, 2017-Ohio-4071.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104760

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOSEPH ATWATER

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Common Pleas Court
Case No. CR-01-409121-ZA

**BEFORE:** Laster Mays, J., E.A. Gallagher, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** June 1, 2017

**FOR APPELLANT**

Joseph Atwater, pro se
Inmate No. 420399
Richland Correctional Institution
P.O. Box 8107
Mansfield, Ohio 44901


**ATTORNEYS FOR APPELLEE**

Sherri Bevan Walsh
Summit County Prosecutor

By:   Heaven DiMartino
Assistant County Prosecutor
Summit County Safety Building
53 University Avenue, 6th Floor
Akron, Ohio 44308

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Diane Smilanick
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Joseph Atwater ("Atwater"), appeals the trial court's denial of his motion to vacate a void entry, where he argued that the trial court's sentence is contrary to law due to the failure to comply with statutory mandates during sentencing. After a review of the record, we affirm.

{¶2} Pursuant to a negotiated plea agreement, Atwater pleaded guilty to voluntary manslaughter (R.C. 2903.03) with a three-year firearm specification and attempted murder under R.C. 2903.01, both felonies of the first degree. Atwater was sentenced to a total of 20 years.[1] Atwater's current challenge is that the trial court failed to articulate its findings and reasons for imposition of maximum and consecutive sentences, resulting in a void sentence.

{¶3} The Ohio Supreme Court recently clarified the current standard for appellate review of felony sentences:

Applying the plain language of R.C. 2953.08(G)(2), we hold that an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law. In other words, an appellate court need not

---

[1] In *State v. Atwater*, 8th Dist. Cuyahoga No. 102259, 2015-Ohio-2279, entertaining a conceded error that the imposition of postrelease control at the 2001 sentencing was contrary to law, we remanded the case to the trial court for a hearing limited to the imposition of postrelease control.

apply the test set out by the plurality in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

*State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1.

**{¶4}** We first note that Atwater has not filed a transcript of the proceedings in this case. "[A]bsent a transcript of the proceedings or alternative record, we must presume regularity." *State v. Williams*, 8th Dist. Cuyahoga No. 96323, 2011-Ohio-3267, ¶ 9, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶5}** R.C. 2953.08(D) governs Atwater's claim. It provides that a sentence is not subject to review where it is: (1) authorized by law, (2) jointly recommended by the prosecution and defendant; and (3) imposed by a sentencing judge.

**{¶6}** According to the trial court's entry, Atwater pleaded to an agreed sentence of 20 years.[2] "'Once a defendant stipulates that a particular sentence is justified, the sentencing judge need not independently justify the sentence.'" *State v. Hammond*, 8th Dist. Cuyahoga No. 86192, 2006-Ohio-1570, ¶ 6, citing *State v. Porterfield*, 106 Ohio St.3d 5, 2005-Ohio-3095, 829 N.E.2d 690, syllabus; *State v. Sherman*, 8th Dist. Cuyahoga No. 84301, 2004-Ohio-6636, ¶ 10.

---

[2] The sentence consisted of the mandatory three years for the gun specification to be served prior to and consecutive to the consecutive sentences of ten years for voluntary manslaughter and seven years for attempted murder.

**{¶7}** In addition:

> "'[W]here a defendant specifically agrees to accept the maximum sentence, he has essentially conceded that the wrongful conduct at issue satisfies the statutory requirements for imposing the longest prison term, which negates the category finding requirement of R.C. 2929.14(C). To do otherwise would be a vain act.'"

*Hammond* at ¶ 7, citing *State v. Abney*, 8th Dist. Cuyahoga No. 84190, 2006-Ohio-273, ¶ 10, citing *State v. Hyde,* 8th Dist. Cuyahoga No. 77592, 2001 Ohio App. LEXIS 81, at *9 (Jan. 11, 2001).

**{¶8}** Atwater agreed to the mandatory three-year sentence on the firearm specification to be served prior to and consecutively to his remaining sentence (R.C. 2929.14(E)(1)). Atwater also agreed to the ten years for the amended Count 1, voluntary manslaughter, and seven years for Count 2, attempted murder. Both of the first-degree felonies were subject to a maximum of ten years each (R.C. 2929.14(A)(1)). Atwater was sentenced within the statutory range. Atwater's sentence is not contrary to law.

**{¶9}** We find that Atwater's single assigned error is without merit.

**{¶10}** The trial court's judgment is affirmed.

It is ordered that the appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN A. GALLAGHER, P.J., and
EILEEN T. GALLAGHER, J., CONCUR